UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANDRE WILBERT,

                    Plaintiff,                Case No. 2:20-cv-13

v.                                    Honorable Janet T. Neff

BRIAN DURAND,

                    Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claim for violation of his due process rights because his allegations fail to state a claim. Plaintiff's claims for First Amendment retaliation and state-law negligence remain.

<span style="text-align:center">**Discussion**</span>

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Michigan. Plaintiff sues MBP Corrections Officer and Property Room Supervisor Brian Durand.

Plaintiff alleges that, during September of 2016, he was transferred from the Kinross Correctional Facility to MBP pending investigation of his participation in a riot at Kinross. Plaintiff was initially placed in segregation at MBP. While Plaintiff was housed in segregation, Plaintiff received a property receipt for his property from Kinross. The receipt indicated that some property was not allowed in segregation. The receipt troubled Plaintiff because it did not include certain items of his personal property. Plaintiff wrote to Defendant in the hope of straightening out the discrepancy. Defendant did not respond.

Plaintiff was found not guilty of involvement in the Kinross riot. He was released to general population. He wrote to Defendant seeking release of his personal property that was allowed in his general population placement at MBP. Defendant did not respond.

On October 7, 2016, Defendant called Plaintiff to the property room. Defendant provided Plaintiff some of Plaintiff's allowable items, but not all of them because, Defendant reported, the other items had been packed up with Plaintiff's non-allowable items. Defendant offered to call Plaintiff out later to get those items. Plaintiff told Defendant that he was violating policy by "arbitrarily deciding on his own, what property he would and would not release" to Plaintiff. (Am. Compl., ECF No. 4, PageID.30.) Plaintiff threatened to file a grievance. Defendant responded as follows: "If you write a grievance, you will never see the remainder of [your] property again . . . ." (*Id.*)

On November 19, 2016, because Plaintiff was found not guilty of participating in the Kinross riot, he was transferred from Level V confinement at MBP to Level II confinement—Plaintiff's true security level—at the Saginaw Correctional Facility. When Plaintiff took possession of his personal property at Saginaw, he discovered property was missing.

Plaintiff reports that Defendant stated, in response to Plaintiff's grievance about the matter, that Defendant had sent the missing property items in a footlocker to the Alger Correctional Facility. Plaintiff has never recovered the footlocker or the property.

Plaintiff seeks a declaration that Defendant (a) violated Plaintiff's First Amendment rights by retaliating against Plaintiff after Plaintiff threatened to grieve Defendant; and (b) violated Plaintiff's Fourth Amendment due process rights by depriving Plaintiff of property without due process. Plaintiff also claims that Defendant was negligent under state law. Plaintiff seeks an award of compensatory damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.    First Amendment retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations meet the three requirements of *Thaddeus-X*. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). A threat to file a grievance is also protected conduct. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018) (citing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009)). A threat to deprive a person of his personal property would deter a person of ordinary firmness from engaging in protected conduct. *See, e.g.*, *Bell v. Johnson*, 308 F.3d 594, 604-607 (6th Cir. 2002). Finally, Plaintiff alleges that Defendant expressly stated that his motivation for depriving Plaintiff of his property was to deter Plaintiff from filing a grievance. Accordingly, Plaintiff's allegations suffice to state a claim against Defendant for First Amendment retaliation.

## IV. Due process

Plaintiff also contends that Defendant deprived Plaintiff of his personal property without due process of law. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's due process claim, however, is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and

prove the inadequacy of state post-deprivation remedies.  *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state post-deprivation remedies are inadequate.  Moreover, numerous state post-deprivation remedies are available to him.  First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013).  Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies."  Mich. Comp. Laws § 600.6419(1)(a).  Indeed, Plaintiff may have filed such an action.  (Am. Compl., ECF No. 4, PageID.29) ("Plaintiff filed a lawsuit in . . . Ingham county in the Court of Claims.").

The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.  Accordingly, Plaintiff's due process claim will be dismissed.

## V. State law negligence

Plaintiff alleges that Defendant's actions might also be characterized as negligence under state law.  Plaintiff references specific policies and procedures which Defendant ignored when he deprived Plaintiff of his property.  Defendant's alleged failure to comply with an

administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). That failure may, however, constitute negligence. *See, e.g., Oostdyk ex rel. Budd v. Caledonia Cmty. Sch.*, No. 312607, 2014 WL 588063, at *5 (Mich. App. Feb. 13, 2014) ("[F]ailure . . . to follow . . . policy or procedure is not evidence of gross negligence[; r]ather [such] failure . . . is evidence of ordinary negligence . . . ."). Plaintiff's allegations suffice to state a negligence claim under state law.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation and state-law negligence claims against Defendant Brian Durand remain in the case.

An order consistent with this opinion will be entered.


Dated:   February 20, 2020                      /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge